No. 23-7124

# UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

―――――――――――――――

CALVERT L. POTTER, *et al.*,
    *Appellants*,

v.

DISTRICT OF COLUMBIA,
    *Appellee.*

―――――――――――――――

STEVEN B. CHASIN, *et al.*,
    *Appellants*,

v.

DISTRICT OF COLUMBIA,
    *Appellee.*

―――――――――――――――

On Appeal from the United States District Court for the District of Columbia
No. 1:01-cv-1189 (RJL), consolidated with No. 1:05-cv-1792 (RJL)
Before the Honorable Richard J. Leon

―――――――――――――――

**NON-BINDING STATEMENT OF ISSUES TO BE RAISED**

―――――――――――――――

This appeal involves four long-time District of Columbia firefighters and paramedics ("Appellants") who, in 2007, obtained a permanent injunction (the "Permanent Injunction") against a District of Columbia Fire and Emergency Medical Services ("the Department" or "FEMS") policy that forced them to be clean-shaven, in violation of their religious beliefs. Each Appellant wears a beard in accordance with the tenets of his Muslim or Jewish faith. The Permanent Injunction protects Appellants' rights to maintain facial hair as expressions of their faith, as guaranteed by the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb *et seq*. In early 2020, the Department violated the Permanent Injunction by enforcing against Appellants a new clean-shaven policy which mirrored the enjoined policy, removing them from field duty when they refused to shave their beards. The Department's decision to ignore a binding court order without seeking leave of the district court demonstrated a fundamental disregard both for Appellants' rights under RFRA as well as the court's authority. Eventually, in late 2021, the Department restored three Appellants to their field duties; one elected not to return to field duty. When Appellants sought to have the Department held in contempt for violating the Permanent Injunction and recover damages for the Department's violations, the district court denied their motion.

The issues are as follows:

2

1. Whether the district court erred by determining that Appellants' damages are merely *de minimis*, notwithstanding the Department's impairment of Appellants' religious freedom.

2. Whether the district court erred by deeming the Department's violation of a clear and unambiguous court order to be unworthy of contempt because of the circumstances of the COVID-19 pandemic without first finding that the Department's actions were the least restrictive means of achieving a compelling government interest, as RFRA requires.

Dated: November 2, 2023

Respectfully submitted,

/s/ Robert K. Kelner

| | |
|---|---|
| David J. Hacker (No. 61255) | Robert K. Kelner (No. 47000) |
| FIRST LIBERTY INSTITUTE | Kevin B. Collins (No. 64870) |
| 2001 West Plano Pkwy., Ste. 1600 | Lucas Moench (No. 64879) |
| Plano, Texas 75075 | COVINGTON & BURLING LLP |
| (972) 941-4444 | One CityCenter |
| dhacker@firstliberty.org | 850 Tenth Street, NW |
| | Washington, DC 20001-4956 |
| Rebecca R. Dummermuth (No. 64835) | (202) 662-6000 |
| FIRST LIBERTY INSTITUTE | rkelner@cov.com |
| 1331 Pennsylvania Ave., NW, Ste. 1410 | kcollins@cov.com |
| Washington, DC 20004 | lmoench@cov.com |
| (202) 921-4105 | |
| bdummermuth@firstliberty.org | *Counsel for Appellants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 2, 2023, the foregoing NON-BINDING STATEMENT OF ISSUES TO BE RAISED was filed electronically with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit through the Court's CM/ECF system, causing it to be served on all counsel of record.

*/s/ Robert K. Kelner*
Robert K. Kelner